1 PHILLIP A. TALBERT
Acting United States Attorney
2 KATHLEEN A. SERVATIUS
Assistant United States Attorney
3 2500 Tulare Street, Suite 4401
Fresno, CA 93721
4 Telephone: (559) 497-4000
Facsimile: (559) 497-4099

6 Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:16-CR-00094 NONE-SKO |
|---|---|
| Plaintiff, | **STIPULATION TO VACATE TRIAL DATE AND SET FOR STATUS CONFERENCE AND PROPOSED ORDER THEREON** |
| v. | |
| OTONEL CARDENAS-TORRES, ET. AL. | Date: April 27, 2021 |
| Defendants. | Time: 8:30 a.m. |
| | Honorable NONE |

The United States of America, by and through MCGREGOR W. SCOTT, United States Attorney, and KATHLEEN A. SERVATIUS, Assistant United States Attorneys, and the defendant, by and through his respective attorney of record, hereby request and stipulate to vacate the trial in this case, currently set for April 27 with a April 9 trial date, and set the case for a status conference on April 21, 2021 at 1:00 p.m. before the Honorable Sheila K. Oberto.  The reason for this request is that two co-defendants have recently been arrested, Juan Medina in December and Daniel Quiroz in February.  As such, they are still receiving discovery and there is additional discovery forthcoming to the defendant as well.  Those defendants cannot be ready for trial on April 27, 2021.  The parties would request that the defendant be joined with Daniel Quiroz and Juan Medina who are set for status conference on April 21, 2021 at 1:00 p.m.

///

STIPULATION TO CONTINUE TRIAL DATE AND TRIAL CONFIRMATION         1

On May 13, 2020, the Court entered General Order 618, which suspended all jury trials in the Eastern District of California until further notice. This General Order was entered to address public health concerns related to COVID-19. Further, pursuant to General Order 611 and 620, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 1, 2021.[1]

Although the General Orders and declaration of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, 618, and 620 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

STIPULATION TO CONTINUE TRIAL DATE AND TRIAL CONFIRMATION    2

week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules. If continued, this Court should designate a new date for the trial conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[2] In addition to the public health concerns cited by General Order 617, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because:

- The government's attorney has a medical condition that the CDC recognizes as one making her particularly vulnerable should she contract COVID-19 and has not completed the vaccination cycle.
- The trial in this case cannot be conducted by videoconferencing (or telephone conferencing if videoconferencing is not reasonably available) pursuant to General Order 614 (CARES Act).
- Two co-defendants have recently been arrested, Juan Medina in December and Daniel Quiroz in February. As such, they are still receiving discovery and there is additional discovery forthcoming to the defendant as well. The defendant requires additional time to prepare despite the exercise of due diligence and the two co-defendants cannot be ready for the April 27 trial date.

The proposed trial date represents the earliest date that all counsel are available for a status conference, taking into account counsel's schedules, commitments to other clients, and the need for preparation in the case and further investigation. The parties further believe that time should be excluded, in that failure

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

to grant the requested case schedule would unreasonably deny the defendants continuity of counsel, and unreasonably deny both the defendant and the government the reasonable time necessary for effective preparation, taking into account the parties' due diligence in prosecuting this case.  18 U.S.C. Section 3161(h)(7)(B)(iv).  Based on the above-stated findings, the ends of justice served by the schedule as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.  Therefore, the parties request that the Court reaffirm the previous exclusion of time between September 15, 2021 and April 27, 2021 from calculations under the Speedy Trial Act.

Dated: March 17, 2021                              PHILLIP A. TALBERT
                                                   Acting United States Attorney

                                                    /s/ *Kathleen A. Servatius*
                                                   KATHLEEN A. SERVATIUS
                                                   Assistant United States Attorney


Dated:  March 17, 2021                             /s/ *Alonzo Gradford*
                                                   Attorney for Otonel Torres-Cardenas


## ORDER

IT IS HEREBY ORDERED that the April 27 trial and April 9, 2021 trial confirmation be vacated and this matter shall be set for status conference before the Honorable Sheila K. Oberto on April 21, 2021.

IT IS FURTHER ORDERED THAT the ends of justice served by the schedule set forth herein as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act for the reasons stated in the parties' stipulation.  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of September 15, 2020 until April 27, 2021 has been deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such

///

action outweigh the best interest of the public and the defendant in a speedy trial.  This exclusion of time is hereby re-affirmed.

IT IS SO ORDERED.

Dated:   **March 19, 2021**

_/s/ Dale A. Drozd_
UNITED STATES DISTRICT JUDGE

STIPULATION TO CONTINUE TRIAL DATE AND TRIAL CONFIRMATION

5